UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEXTER L. MCKINNIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-0080 RLW |
| ) | |
| ROBERT MCCULLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Dexter L. McKinnies, an inmate at Pulaski County Detention Center, for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. For the reasons explained below, the Court will grant plaintiff's motion to proceed in forma pauperis, assess an initial partial filing fee of $9.33, and dismiss plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will decline to exercise supplemental jurisdiction over any state law claims brought by plaintiff. *See* 28 U.S.C. § 1367(c).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of twenty (20) percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $46.66. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.33, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate at Pulaski County Detention Center, brings this action pursuant to 42 U.S.C. § 1983 against the "Circuit Attorney General" in St. Louis County, Robert McCulley[1], and Judge David Lee Vincent, the state court judge in his criminal case. [ECF No. 1]. He states that he is bringing this action against defendants in their official capacities only.

Plaintiff alleges that his civil rights in the following ways:

> Missouri Attorney General['s] Office prosecuted plaintiff for crimes allegedly committed while plaintiff was of 16 years of age without a proper "Motion to Dismiss Juvenile to be prosecuted under the General Law." Circuit Judge sentenced plaintiff to 18 year[s] in the Department of Corrections with out [sic] adjudicating a crime in which court vested jurisdiction over. Defendant held plaintiff in an adult institution while plaintiff was of 16 years of age.

[ECF No. 1 at 4].

In the "Statement of Claim," plaintiff asserts that he has been held in custody by the St. Louis County Prosecutor's Office for crimes he allegedly committed at the age of sixteen (16). He asserts that there was not "proper certification" done to hold a minor in an adult institution or to

---

[1] The Court assumes that defendant Robert McCulley is a St. Louis County prosecutor given plaintiff's description of this defendant. It is possible plaintiff intends to refer to Robert McCullough, former St. Louis County Prosecuting Attorney, who was in office from 1991 through 2018.

try him as an adult. Plaintiff states that he has been held in custody for thirteen (13) years because of the "illegal and wrongful" prosecution of his cases in St. Louis County Court. [ECF No. 1 at 5].

For relief, plaintiff seeks in excess of six million dollars in damages and expungement of his criminal record.

### Plaintiff's State Criminal Cases

On August 21, 2006, a criminal complaint charging plaintiff with two counts of attempted robbery in the first degree, two counts of armed criminal action, one count of resisting arrest, and one count of discharging a firearm from a motor vehicle was filed in St. Louis County Court. *See State v. McKinnies*, No. 2106R-03755 (21st Jud. Cir., St. Louis County). A grand jury indictment was filed on September 6, 2006. *See State v. McKinnies*, No. 2106R-03755-01 (21st Jud. Cir., St. Louis County). The action was assigned to Judge David Lee Vincent on or about October 30, 2006. *Id.* After a jury trial, plaintiff was found guilty on all counts on July 17, 2008. Plaintiff was sentenced to fifteen (15) years of imprisonment, with a three-year consecutive term of imprisonment for the count of resisting arrest. *Id.* Although plaintiff attempted to appeal his conviction and sentence, his appeal was dismissed for failure to follow court rules. *See State v. McKinnies*, No. ED101666 (Mo. Ct .App. July 30, 2014).

On August 18, 2006, a criminal complaint charging plaintiff with two counts of assault in the first degree and two counts of armed criminal action was filed in St. Louis County Court. *See State v. McKinnies*, No. 2106R-03757 (21st Jud. Cir., St. Louis County). An information was filed on October 4, 2006. *See State v. McKinnies*, No. 2106R-03757-01 (21st Jud. Cir., St. Louis County). The case was assigned to the Judge David Lee Vincent on or about October 30, 2006. *Id.* Plaintiff pleaded guilty and was sentenced on December 19, 2008. Plaintiff was sentenced to fifteen (15) years of imprisonment, to run concurrent with the terms of imprisonment issued in his other cases in St. Louis County Court. *Id.* Although plaintiff attempted to appeal his conviction

and sentence, his appeal was dismissed for failure to follow court rules. *See State v. McKinnies*, No. ED101667 (Mo. Ct. App. July 30, 2014).

On January 5, 2007, a criminal complaint charging plaintiff with two counts of stealing a motor vehicle and two counts of robbery in the first degree was filed in St. Louis County Court. *See State v. McKinnies*, No. 2107R-00019B (21st Jud. Cir., St. Louis County). A grand jury indictment was filed on February 7, 2007. *See State v. McKinnies*, No. 2107R-00019B-01 (21st Jud. Cir., St. Louis County). The action was assigned to Judge David Lee Vincent on or about May 16, 2007. *Id.* Plaintiff pleaded guilty and was sentenced on December 19, 2008. Plaintiff was sentenced to fifteen (15) years of imprisonment, to run concurrent with the terms of imprisonment issued in his other cases in St. Louis County Court. *Id.* Although plaintiff attempted to appeal his conviction and sentence, his appeal was dismissed for failure to follow court rules. *See State v. McKinnies*, No. ED101668 (Mo. Ct. App. July 30, 2014).

### Discussion

Plaintiff brings this action against defendants Robert McCulley, a state court prosecutor in St. Louis County, Missouri, and David Lee Vincent, a state court judge, in their official capacities only. For the following reasons, plaintiff's federal claims against the defendants are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent plaintiff asserts state law claims for relief, the Court will dismiss those claims without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

**A.      Official Capacity Claims**

Plaintiff states that he is bringing this action against defendants in their official capacities only. See Complaint (ECF No. 1 at 2). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.

1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

### 1. Judge David Lee Vincent

Judge David Lee Vincent, a state court judge in St. Louis County, is an employee of the State of Missouri. Accordingly, plaintiff's official capacity claim against defendant Vincent is a claim against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983"). As such, the claims against defendant Vincent in his official capacity fail to state a claim for relief.

In addition, the Eleventh Amendment to the United States Constitution bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S.

- 6 -

247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a nonconsenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects states and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). To that end, the State of Missouri is protected from suit by the Eleventh Amendment.

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. First, there is no congressional abrogation of Eleventh Amendment immunity. Plaintiff brings this action pursuant to § 1983. The United States Supreme Court has determined that 42 U.S.C. § 1983 does not revoke the states' Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to

believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not consented to the suit. Specifically, the state's statutory waiver of immunity does not include the type of claims made by plaintiff in this case. *See* Mo. Rev. Stat. § 537.600. Thus, because a state is not a "person" for the purposes of § 1983, and a suit against the State of Missouri is barred by the Eleventh Amendment, plaintiff's official capacity claim against Judge David Lee Vincent will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### 2. Robert McCulley

Defendant Robert McCulley is alleged to be a St. Louis County prosecutor, or an employee of St. Louis County. As noted above, an official capacity claim against an individual is actually "against the governmental entity itself." *White*, 865 F.3d at 1075. Therefore, plaintiff's official capacity claim against defendant McCulley must be construed as a claim against St. Louis County in this instance.

A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality … cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly,* 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

First, "policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cnty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, to establish a claim of liability based on "custom," the plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Plaintiff has not alleged that an unconstitutional policy or unofficial unconstitutional custom was carried out by defendant McCulley.

Finally, to demonstrate deliberate indifference for purposes of failure to train, the plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017). Plaintiff has also failed to allege a pattern of misconduct, or a failure to train, relating to defendant McCulley.

As a result, plaintiff has failed to allege unconstitutional conduct by defendant McCulley. The claims against defendant McCully are therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.      Individual Capacity Claims**

Even if plaintiff had alleged claims against defendants in their individual capacities, those claims would also be subject to dismissal. Judge David Lee Vincent is entitled to judicial immunity for any claims brought against him in his individual capacity. Similarly, defendant Robert McCulley is entitled to prosecutorial immunity for any claims brought against him in his individual capacity.

**1.    Judge David Lee Vincent**

To the extent Judge David Lee Vincent had been sued in his individual capacity, the claims against him would be subject to dismissal. Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error

or was in excess of his authority." *Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762.

The United States Court of Appeals for the Eighth Circuit has explained:

> The factors determining whether an act by a judge is a judicial one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity. In examining these factors, if only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a nonjudicial act, because an improper or erroneous act cannot be said to be normally performed by a judge. But if judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority. The relevant inquiry is the nature and function of the act, not the act itself. This means that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge.

*Justice Network, Inc.*, 931 F.3d at 760 (internal citations and quotations omitted).

Plaintiff does not assert facts that indicate Judge David Lee Vincent acted outside the scope of the general functions normally performed by a judge in the State of Missouri. Therefore, this

Court cannot say that Judge David Lee Vincent is not entitled to judicial immunity. Thus, even if plaintiff had brought claims against Judge David Lee Vincent in his individual capacity, those claims would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

### 2. Robert McCulley

Defendant Robert McCulley is alleged to be a prosecuting attorney ("Circuit Attorney General") for St. Louis County, Missouri. As noted above, plaintiff had a number of state criminal charges filed against him in St. Louis County, and was ultimately sentenced on those charges. Plaintiff contends the charges were a result of malicious prosecution, and he seeks release from confinement because of defendant's actions.[2]

The doctrine of prosecutorial immunity bars plaintiff's claims against defendant McCulley because it is well established that prosecutors have absolute immunity from damages claims arising from acts performed within their official authority. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987). "Prosecutors are protected by absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-71 (1993); *see also Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government."); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process."). All of

---

[2]A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

the acts complained of by plaintiff were prosecutorial functions and are therefore protected under absolute immunity.

To the extent plaintiff alleges that defendant McCulley acted in bad faith, his assertions do not save his claims for relief. "Allegations of improper motive in the performance of prosecutorial functions will not defeat immunity." *Powers v. City of Ferguson*, 229 F.Supp.3d 894, 899 (E.D. Mo. Jan. 17, 2017). *See also Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976) (stating there is no fraud exception to prosecutorial immunity, and it is better to leave wrongs committed by dishonest officers unredressed than to subject honest officer to the constant dread of retaliation). Moreover, "[p]ublic policy dictates that prosecutors be immune from common-law suits for malicious prosecution." *Jackson v. Tyson*, 2008 WL 5377877, at *4 (E.D. Mo. Dec. 19, 2008) (quoting *Imbler*, 424 U.S. 409, 422 (1976)). Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth*, 891 F.3d at 1089 (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence"). Without absolute immunity, the threat of civil rights suits would undermine the performance of a prosecutor's duties.

Based on the allegations in the complaint, defendant McCulley would have absolute immunity on individual capacity claims, as there is no indication that defendant McCulley acted as anything other than an advocate for St. Louis County and the State of Missouri. Thus, even if plaintiff had alleged claims for relief against defendant McCulley in his individual capacity, those claims would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

**C. Additional and State Law Claims**

To the extent plaintiff's Complaint can be understood to ask this Court to review the state court's decisions in his state criminal cases, such request is denied. Except for federal habeas corpus petitions, federal district courts lack subject matter jurisdiction over challenges to state court judgments. *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) (lower federal courts may not sit in review of a state court decision); *see also Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). If plaintiff seeks to invalidate his state-court criminal convictions in federal court, he must file the appropriate habeas corpus petition using a court-provided form, only after he has fully exhausted his state court remedies.

Finally, plaintiff's complaint lists several articles of the Missouri constitution and two statues plaintiff claims the defendants violated. (ECF No. 1 at 4). As plaintiff has stated no federal cause of action, the Court declines to exercise jurisdiction over any supplemental state law claims that may be asserted in the Complaint. *See* 28 U.S.C. § 1367(c). Those claims will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $9.33 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, to the extent plaintiff has asserted Missouri state law claims, the Court declines to exercise supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c). These claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd of February, 2023.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**